UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JUDGE ROTENBERG EDUCATION CENTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> FOOD AND DRUG ADMINISTRATION, et. al., <br><br> Defendants. | Civil Action No. 24-0080 (BAH) |

## ANSWER

Defendants the U.S. Department of Health and Human Services, and its component, the Food and Drug Administration, (collectively "Defendants") by and through undersigned counsel, respectfully respond to the Complaint of Plaintiff the Judge Rotenberg Education Center (ECF No. 1). All allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. To the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiffs; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Moreover, Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of this litigation.

Defendants respond to the separately numbered paragraphs as follows:

## INTRODUCTION[1]

1. The allegations in Paragraph 1 consist of Plaintiff's characterization of this action brought pursuant to the Freedom of Information Act ("FOIA"), to which no response is required. To the extent a response is deemed required, Defendants admit only that Plaintiff brings this action under the FOIA, 5 U.S.C. § 552, *et seq.* Defendants respectfully refer the Court to the FOIA and to Plaintiff's FOIA requests (ECF Nos. 1-3, 1-4) for a complete and accurate statement of their contents and deny any allegations that are inconsistent therewith.

## JURISDICTION AND VENUE

2. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that this case purports to be brought under 5 U.S.C. § 552(a)(4)(B).

3. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper in this District.

## PARTIES

4. Defendants admit the allegations in the last sentence of this paragraph. The remaining allegations in this paragraph are Plaintiff's characterization of itself, and Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.

5. Defendant FDA admits that is an agency within the U.S. Department of Health and Human Services and possesses at least some records responsive to portions of Plaintiff's FOIA request. Defendants deny the remaining allegations in this paragraph.

---

[1] For ease of reference only, Defendants' Answer largely replicates the headings contained in the Amended Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

6.      Defendant HHS admits that it is an agency and possesses at least some records responsive to portions of Plaintiff's FOIA request. Defendants deny the remaining allegations in this paragraph.

## FOIA LEGAL STANDARD

7.      The allegations in this paragraph consist of Plaintiff's characterization of a statute. To the extent a response is deemed required, Defendants respectfully refer the Court to the statute for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

8.      The allegations in this paragraph consist of legal conclusions and quotations from a statute and a case to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statute and case for a complete and accurate statement of their respective contents and deny any allegations inconsistent therewith.

9.      The allegations in this paragraph are legal conclusions and quotations from a statute and a case to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statute and case for a complete and accurate statement of their respective contents and deny any allegations inconsistent therewith.

## COUNT I: FOIA VIOLATION

10.     Defendants incorporate by reference their responses to Paragraphs 1-9 of this Answer as if each were separately and specifically set forth herein.

### FDA's Proposed Ban and JRC's FOIA Request and First FOIA Action

11.     Defendants admit that, on April 25, 2016, FDA published "Banned Devices; Proposal to Ban Electrical Stimulation Devices Used to Treat Self-Injurious or Aggressive Behavior" ("Proposed Ban") in the Federal Register. 81 Fed. Reg. 24386 (Apr. 25, 2016). The

remaining allegations contained in Paragraph 11 consist of Plaintiff's characterization of the Proposed Ban. Defendants respectfully refer the Court to the Proposed Ban for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

12. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

13. Defendants admit that the Judge Rotenberg Education Center has submitted other FOIA requests to the FDA. Defendants deny the remaining allegations in Paragraph 13.

14. Paragraph 14 contains Plaintiff's characterization of a 2017 FOIA request and subsequent lawsuit, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the docket in *Judge Rotenberg Education Center, Inc. v. FDA*, Civ. A. No. 17-2092 (D.D.C.), for a complete and accurate statement of its contents and deniy any allegations that are inconsistent therewith.

15. Defendants admit only that the District Court in Civ. A. No. 17-2092, entered a Minute Order on February 2, 2018. Defendants respectfully refer the Court to the Minute Order as the best evidence of its contents. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.

To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

FDA's Ban

16. Defendants admit that on March 6, 2020, FDA published "Banned Devices; Electrical Stimulation Devices Used to Treat Self-Injurious or Aggressive Behavior" ("ESD Ban") in the Federal Register.  85 Fed. Reg. 13312 (Mar. 6, 2020).  The rule speaks for itself and is the best evidence of its contents.

17. This paragraph contains Plaintiff's characterization of records produced in response to a 2017 FOIA request, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the records produced for a complete and accurate statement of their contents and deny any allegations that are inconsistent therewith.

18. This paragraph contains Plaintiff's characterization of the ESD Ban to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the ESD Ban in the Federal Register for a complete and accurate statement of its contents and deny any allegations in Paragraph 18 that are inconsistent therewith.

<u>JRC Obtains a Partial Administrative Stay of the Ban and Successfully Challenges the Ban</u>

19. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims

of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

20. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

21. Admit.

22. Defendants admit only that briefing and argument occurred before the D.C. Circuit related to a lawsuit challenging the ban. The remaining allegations in this paragraph consist of Plaintiff's characterization of the D.C. Circuit's opinion and judgment in that case, to which no response is required. To the extent a response is deemed required, Defendants respectfully refers the Court to Plaintiff's referenced exhibit (ECF No. 1-1) for a complete and accurate statement of its contents and deny any allegations that are inconsistent therewith.

23. Defendants admit only that FDA petitioned for rehearing *en banc* on September 10, 2021, and that the D.C. Circuit denied that petition on November 22, 2010. The remaining allegations contained in this paragraph consist of Plaintiff's characterization of the D.C. Circuit's ruling on FDA's petition, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the D.C. Circuit's ruling, Plaintiff's referenced exhibit (ECF No. 1-2), for a complete and accurate statement of its contents and deny any allegations that are inconsistent therewith.

24. Admit.

25. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit only that FDA's administrative stay remained in place through the date the Ban was vacated and deny the remaining allegations in this paragraph.

26. Defendants admit only that FDA sent Plaintiff's counsel a letter dated June 11, 2022, regarding Plaintiff's petition for stay of action. The remaining allegations in this paragraph consist of Plaintiff's characterization of the June 11, 2022 letter, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the letter for a complete and accurate statement of its contents and deny any allegations that are inconsistent therewith.

<u>JRC'S Second FOIA Request and Second FOIA Action</u>

27. Defendants admit only that FDA sent Plaintiff confirmations of receipt of FOIA request 2022-2434 between March 29, 2022, and April 1, 2022. The remaining allegations in this paragraph consist of Plaintiff's characterization of its own internal litigation strategy and deliberations to which no response is required.

28. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

29. Defendants admit only that Plaintiff filed a the FOIA lawsuit, *Judge Rotenberg Education Center v. FDA*, Civ. A No. 22-3583 (BAH), on November 28, 2022. Defendants deny the remaining allegations in this paragraph.

30. Paragraph 30 consists of Plaintiff's characterization of the contents of records produced in response to a FOIA request, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the records produced for a complete and accurate statement of its contents and deny any allegations that are inconsistent therewith.

FDA's Efforts to Have Congress Undo the D.C. Circuit's Judgment

31. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

32. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

33. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

34. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

35. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

36. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records

sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

37. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

38. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

39. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the

extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

40. This paragraph consists of Plaintiff's characterization of the legislative process and legislation, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited legislation for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

41. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

### JRC's Instant FOIA Requests

42. This paragraph consists of Plaintiff's characterization of its own legal strategy and FOIA request, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA request (ECF No. 1-3) for a complete and accurate statement of its contents and deny any allegations that are inconsistent therewith.

43. This paragraph consists of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA request (ECF No. 1-4) for a complete and accurate statement of its contents and deny any allegations that are inconsistent therewith.

44. This contains Plaintiff's characterization of the instant FOIA requests, referenced in Paragraphs 42 and 43, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to those FOIA requests (ECF Nos. 1-3, 1-4) for a complete and accurate statement of their contents and deny any allegations that are inconsistent therewith.

45. This paragraph contains Plaintiff's characterization of the instant FOIA requests, referenced in Paragraphs 42 and 43, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to those FOIA requests (ECF Nos. 1-3, 1-4) for a complete and accurate statement of their contents and deny any allegations that are inconsistent therewith.

46. Admit.

47. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that they possess at least some records responsive to Plaintiff's FOIA requests.

48. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that they have not produced records to Plaintiff in response to the FOIA requests.

49. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit they have not produced records to Plaintiff in response to the FOIA requests.

50. Admit.

51. Defendants admit that they have acted in good faith to establish a mutually agreeable time frame to produce responsive records. Defendants respectfully refer the Court to

Plaintiff's referenced exhibits (ECF Nos. 1-7, 1-8) for an accurate statement of recent communications and deny any allegations that are inconsistent therewith.

52. The allegations in this paragraph consist of Plaintiff's characterization of communications with Defendants. Defendants respectfully refer the Court to Plaintiff's referenced exhibits (ECF Nos. 1-7, 1-8) for a complete and accurate statement of their recent communications and deny any allegations that are inconsistent therewith.

53. The allegations contained in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that Plaintiff constructively exhausted its administrative remedies.

54. The allegations in this paragraph are legal conclusions to which no response is required.

55. The allegations in this paragraph are legal conclusions to which no response is required.

56. The allegations contained in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiff's referenced filing, Reply in Supp. of Defs.' Mot. For Summ. J. & Opp'n to Plfs.' Cross-Mot. For Summ. J. at 19, *JRC, et al. v. FDA, et al.,* No. 1:17-cv-02092-BAH (D.D.C. June 23, 2023, for a complete and accurate statement of FDA's legal arguments and deny any allegations that are inconsistent therewith.

57. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

58. Deny.

**PRAYER FOR RELIEF**

The remaining portion of Plaintiff's Complaint contains their request for relief to which no response is required. To the extent a response is deemed necessary, Defendants deny that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

**First Defense**

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA.

**Second Defense**

Plaintiff is not entitled to declaratory relief.

**Third Defense**

The information that Defendants have withheld, or will withhold, in response to Plaintiff's FOIA requests may be excluded or exempt in whole, or in part, from public disclosure under the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a.

**Fourth Defense**

Plaintiff's request for "all communications, documents, documents, and other information" regarding various topics does not "reasonably describe[]" the records sought, as required under 5 U.S.C. § 552(a)(3)(A).

**Fifth Defense**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June

8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

### Sixth Defense

Plaintiff is neither eligible for nor entitled to attorney's fees and costs.

Dated: February 12, 2024
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/ *John J. Bardo*
JOHN J. BARDO
D.C. Bar # 1655534
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 870-6770

*Attorneys for the United States of America*

OF COUNSEL:

SAMUEL R. BAGENSTOS
General Counsel
U.S. Dept. of Health & Human Services

MARK RAZA
Chief Counsel
Food and Drug Administration

WENDY VICENTE
Deputy Chief Counsel, Litigation

KWABENA AKOWUAH
Associate Chief Counsel
Office of the Chief Counsel
Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 20993-0002
Tel: (240) 274-9524
kwabena.akowuah@fda.hhs.gov