UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JUDGE ROTENBERG EDUCATIONAL CENTER, INC., <br><br>*Plaintiff*, <br><br>v. <br><br>FOOD AND DRUG ADMINISTRATION, et al., <br><br>*Defendants*. | Civil Action No. 24-cv-00080 (BAH) |

## JOINT STATUS REPORT

Pursuant to Section 4(b)(ii)(b) of the Court's Standing Order (ECF No. 6), Plaintiff, The Judge Rotenberg Educational Center, Inc. ("JRC"), and Defendants U.S. Food and Drug Administration ("FDA") and U.S. Department of Health and Human Services ("HHS") (collectively, "Defendants") respectfully submit the following Joint Status Report.

1. JRC's claim stems from their November 21, 2022 Freedom of Information Act ("FOIA") requests to FDA and HHS (FDA FOIA request number 2022-8287 (the "FDA Request"); HHS FOIA request number 2023-00157-FOIA-OS (the "HHS Request")).

2. The November 21, 2022 FDA Request, in essence, sought "all communications…from March 29, 2022 through the present, between [FDA] and the U.S. Congress, [HHS] (including, but not limited to, the Office of the Secretary, the Office of the General Counsel, the Office for Civil Rights, and the Administration for Community Living), the U.S. Department of Justice [("DOJ")] (including, but not limited to, the Civil Rights Division), the Massachusetts Attorney General's Office, and the Massachusetts Department of Developmental Services, concerning…JRC, aversive therapy, aversive conditioning devices [("ACDs")],

-1-

electrical stimulation devices [("ESDs")], or the Graduated Electronic Decelerator [("GED")] device." (ECF No. 1-3 at 1.)

3. The November 21, 2022 HHS Request, in essence, sought "all communications…from March 29, 2022 through the present, between [HHS] (including, but not limited to, the Office of the Secretary, the Office of the General Counsel, the Office for Civil Rights, and the Administration for Community Living) and the U.S. Congress, [FDA], [DOJ] (including, but not limited to, the Civil Rights Division), the Massachusetts Attorney General's Office, and the Massachusetts Department of Developmental Services, concerning…JRC, aversive therapy, [ACDs], [ESDs], or the [GED] device." (ECF No. 1-4 at 1.)

4. Portions of JRC's November 21, 2022 FDA Request are substantially similar to portions of JRC's March 28, 2022 FOIA request to FDA (FOIA request number 2022-2434 (the "Previous FDA Request")). In pertinent part, the March 28, 2022 Previous FDA Request sought, in essence, a copy of all FDA communications after July 20, 2016 with the U.S. Congress concerning JRC, aversive therapy, ACDs, ESDs, and/or GED.

5. FDA represents that it collected records responsive to this portion of the Previous FDA Request (number 2022-2434) in June 2023, and is in the process of reviewing and producing records related to its communications with Congress regarding JRC, aversive therapy, ACDs, ESDs, GEDs, etc. from July 6, 2021, through June 2023, pursuant to this Court's order in a prior pending FOIA lawsuit between JRC and FDA. *See* Minute Order, *JRC v. FDA*, No. 22-cv-03583-BAH (D.D.C. Jan. 31, 2024) (the "Previous FOIA Lawsuit").

6. JRC and FDA also negotiated the production of "additional records" responsive to the Previous FDA Request (number 2022-2434). In pertinent part, JRC requested, in essence, all FDA communications on or after July 6, 2021, with HHS (including the Office of the Secretary,

the Office of the General Counsel, the Office for Civil Rights, and the Administration for Community Living) and DOJ (including the Civil Rights Division) concerning JRC, aversive therapy, ACDs, ESDs, or GEDs.

7. FDA represents that it collected responsive "additional records", inclusive of records from July 6, 2021, through November and December 2023. The production schedule for the additional records is already subject to this Court's January 31, 2024 Minute Order in the Previous FOIA Lawsuit.

**Plaintiff's Position:**

8. With respect to the scope of the FDA Request, based on FDA's representations herein as to the timing of its collections of records responsive to the Previous FDA Request, JRC agrees with Defendants that there are two categories of records responsive to the FDA Request that are not encompassed within FDA's collection of records responsive to the Previous FDA Request and not already subject to the processing schedule in the Previous FOIA Lawsuit, including specifically: all communications on or after March 29, 2022 concerning JRC, aversive, therapy, ACDs, ESDs, and/or the GED device (1) between FDA and the Massachusetts Attorney General's Office and (2) between FDA and the Massachusetts Department of Developmental Services. (See ECF No. 1-3 at 1).

9. With respect to the scope of the HHS Request, JRC's position is that there is no overlap between the HHS Request and the Previous FDA Request. JRC's HHS Request is an undisputed subject of this lawsuit. (ECF No. 1 at ¶¶ 42-58). While the Previous FDA Request sought *FDA* records, including certain communications between *FDA* and outside entities and associated persons, (ECF No. 1-9 in the Previous FOIA Lawsuit), the HHS Request seeks *HHS* records, including certain communications between *HHS* and outside entities and associated persons, (ECF No. 1-4). Thus, the HHS records responsive to the HHS Request are not

encompassed within FDA's collection of FDA records responsive to the Previous FDA Request and are not already subject to the processing schedule in the Previous FOIA Lawsuit.

10. As to the processing schedule, JRC's position is that, in this FOIA action, starting on April 1, 2024, FDA and HHS should each conduct a monthly review of at least 1,000 pages and a quarterly review of at least 4,000 pages.[1] JRC's proposed processing schedule is consistent with the processing schedule imposed by the Court's January 31, 2024 Minute Order in the Previous FOIA Lawsuit and the processing schedule to which JRC and FDA initially agreed in the Previous FOIA Lawsuit (as explained in the Court's January 31, 2024 Minute Order in the Previous FOIA Lawsuit). JRC's proposed processing schedule is also less burdensome than the processing schedule imposed by the Court in another previous and ongoing FOIA lawsuit between the parties,[2] and is significantly less burdensome than the processing schedules imposed on agencies by other courts in this district.[3] JRC believes that April 1, 2024 is appropriate for Defendants' first deadline where JRC alleged facts supporting its pressing need for these records in its Complaint in this FOIA action, (ECF No. 1 at ¶¶ 56-57), and where Defendants do not dispute that they received the FOIA requests at issue **more than 15 months ago**, (ECF No. 1 at ¶ 46; ECF No. 7 at ¶ 46).

---

[1] JRC suggests that the parties file a Joint Status Report with each quarterly deadline, updating the Court on the status of the production and on any disagreements that may have arisen between the parties.

[2] *See* Minute Order, *JRC, et al. v. FDA, et al.*, No. 1:17-cv-02092-BAH (D.D.C. Feb. 2, 2018) (ordering Defendants to "make a rolling *production* of *no fewer than 5,000 pages per month*…until production is complete") (emphasis added).

[3] *See*, *e.g.*, *Seavey v. DOJ*, 266 F.Supp.3d 241, 246-47 (D.D.C. 2017) (ordering agency to process 2,850 pages per month); *Clemente v. FBI*, 71 F.Supp.3d 262, 269 (D.D.C. 2014) (ordering agency to process 5,000 pages per month); *NRDC v. DOE*, 191 F.Supp.2d 41, 43 (D.D.C. 2002) (ordering agency to process "vast majority" of 7,500 pages within 32 days); *Judicial Watch, Inc. v. DOE*, 191 F.Supp.2d 138, 140-41 (D.D.C. 2002) (ordering agencies to process over 6,000 pages within 60 days).

Nonetheless, JRC is willing to agree to a one-month delay (*i.e.*, May 1, 2024 for Defendants' first deadline) to allow Defendants another month to collect potentially responsive records.

11. Defendants' proposed processing schedule is unreasonable. As an initial matter, Defendants have failed to comply with this Court's standing order by failing to provide an estimate of when they expect a final determination to be made. (ECF No. 6 at § 4.b.ii.b). This omission may be due to the fact that, under Defendants' proposed processing schedule, their final determination will not be made for *years*. Defendants propose to begin producing responsive records in this litigation only *after* they finish producing responsive records in the Previous FOIA Lawsuit. FDA did not dispute JRC's observation that the processing schedule in the Previous FOIA Lawsuit may take four and a half years to complete, (ECF No. 23 at 5 in the Previous FOIA Lawsuit), meaning that the processing schedule in this action may not begin until approximately September 2028, **nearly 6 years after JRC submitted the requests at issue in this FOIA action**. Moreover, while Defendants now attempt to link the Previous FDA Request with the FOIA requests at issue in this FOIA action by requesting essentially one continuous processing schedule, Defendants' refusal to agree to a reasonable combined processing schedule was one of the reasons that JRC was obligated to file this FOIA action. (ECF No. 1-8 at 1). It would be unfair – and contrary to the spirit of FOIA – for Defendants to now use the Previous FOIA Lawsuit as an excuse to delay the processing of records responsive to the FOIA requests at issue in this FOIA action.

**Defendant's Position:**

12. It is the position of the Defendants that the only records in FOIA request number 2022-8287 that are not duplicative of FOIA request number 2022-2434 are records related to the added category of communication between the Massachusetts Attorney General's Office and the Massachusetts Department of Developmental Services.

13. FDA and HHS have not yet determined the number of potentially responsive records that are not duplicative of FOIA request number 2022-2434. To the extent that records request by the Plaintiff are not already encompassed by production schedules, FDA proposed moving forward with review of any remaining documents from FOIA Request 2022-8287 at the rate of 1,000 pages per month and 4,000 pages quarterly, once it has completed review and production in accordance with this Court's June 16, 2023, and January 31, 2024 Minute Orders in case No. 22-cv-03584-BAH.

Respectfully submitted,

| | |
|---|---|
| THE JUDGE ROTENBERG EDUCATIONAL CENTER, INC. | MATTHEW M. GRAVES (D.C. Bar No. 481052) United States Attorney |
| By its attorneys, | BRIAN P. HUDAK Chief, Civil Division |
| /s/ Edward J. Longosz<br>Edward J. Longosz II, Esq. (D.C. Bar No. 368932)<br>ECKERT SEAMANS CHERIN & MELLOTT, LLC<br>1717 Pennsylvania Avenue, Northwest, 12th Floor<br>Washington, D.C. 20006<br>T: 202 659 6619<br>F: 202 659 6699<br>elongosz@eckertseamans.com | By: /s/ John J. Bardo<br>JOHN J. BARDO<br>(D.C. Bar No. 1655534)<br>Assistant United States Attorney<br>601 D Street, Northwest<br>Washington, D.C. 20530<br>John.Bardo@usdoj.gov |
| /s/ Michael P. Flammia<br>Michael P. Flammia, Esq. (*Pro Hac Vice*)<br>Matthew D. Rodgers, Esq. (*Pro Hac Vice*)<br>ECKERT SEAMANS CHERIN & MELLOTT, LLC<br>Two International Place, 16th Floor<br>Boston, MA 02110<br>T: 617 342 6854<br>F: 617 342 6899<br>mflammia@eckertseamans.com<br>mrodgers@eckertseamans.com | *Attorneys for the United States of America*<br><br>Dated: February 26, 2024 |

**CERTIFICATE OF SERVICE**

I, Edward J. Longosz, II, hereby certify that service of this Joint Status Report has been made through the Court's electronic transmission facilities on this date.

/s/ Edward J. Longosz, II
Edward J. Longosz, II

Dated: February 26, 2024